## Commonwealth v. Preston.

(Decided June 2, 1915.)

### Appeal from Franklin Circuit Court

Municipal Corporations—Ordinances.—An ordinance of a municipality which is in contravention of the terms of a statute of the State, general in its application, is void.

DULIN MOSS for appellant.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellee was summoned to answer in the police court of the city of Frankfort charged with being an inebriate under the provisions of an ordinance of that city, passed in 1914. He was tried in the police court and found not guilty, whereupon the city prosecuted an appeal, in the name of the Commonwealth, to the Franklin Circuit Court, in which court a demurrer was sustained to the summons, and the same dismissed, and from that judgment this appeal is prosecuted.

The judgment of the circuit court was based upon its opinion that the ordinance was invalid, and that is the only question to be determined.

The 1st, 2nd, 3rd and 5th sections of the ordinance embrace its salient features, and are as follows:

"Sec. 1. That any person who is a drunkard, or who has acquired the habit of becoming drunk frequently by using drugs or intoxicating liquors, or who is an habitual drunkard, be and is hereby deemed and declared to be an inebriate.

"Sec. 2. That hereafter it shall be lawful for any person to file information in the police court or with the police judge of the city of Frankfort, Franklin County, Kentucky, charging that any (named) person has become addicted to the use of drugs or intoxicating liquors and is believed to be an inebriate; and thereupon a summons shall issue and shall be served by any officer authorized by the law of said city to serve warrants, summons, and papers upon said person so addicted to the said drug or liquor habit as for other offenses, thereby warning him or her to appear and answer said summons and charge at a time fixed for hearing and appearing in said summons, and the said time set for the hearing being not less than five days from the day of the service

of said summons. If, on the hearing of the said charge, the defendant appears in person, by agent or attorney, and demands a jury, he or she shall be entitled to a jury. If the defendant makes no defense or does not demand a jury, it shall be the duty of the judge trying the charge to render a verdict without the intervention of a jury. If the defendant is adjudged an inebriate, it shall be the duty of the court trying the case to enter the judgment on a record book, which shall be open to the public at any time while the court is in session, and kept for that purpose and in substance as follows:

"The court (or jury) having adjudged (party named) of being an inebriate it is now the judgment of this court that the said party (named) is and he or she is now declared to be an inebriate.

"Sec. 3. That when the certified judgment of said police court or jury is recorded in the said record book, which shall be indexed properly by the police judge of said court, it shall be sufficient notice to every person in said city that the person named in said judgment is an inebriate. On the trial of any person charged with selling, giving or otherwise furnishing drugs or intoxicating liquors to said inebriate, in said city, it shall be no defense for the accused (the person on trial) to plead that he did not know that said person was an inebriate. The judgment shall be *prima facie* evidence that the person is an inebriate.

"Sec. 5. Any person who shall sell, lend, give, procure for or furnish spirituous, vinous, or malt liquors or drugs or any mixture of either to any person who is an inebriate, or who shall suffer or permit any such person to use any such liquors or drugs in his bar-room, saloon, or upon the premises under his control or in his possession, shall be fined fifty ($50.00) dollars for such offense."

Section 1307, Kentucky Statutes, in describing the offense of selling or giving liquors to inebriates, and in fixing the penalty therefor, provides:

"Any person who shall sell, lend, give, procure for, or furnish spirituous, vinous, or malt liquors, or any mixture of either, knowingly, to any person who is an inebriate or in the habit of becoming intoxicated or drunk by the use of any such liquors, or who shall suffer or permit any such person to drink any such liquors in his bar-room, saloon, or upon the premises under his

control, or in his possession, shall be fined for each offense fifty dollars.''

The 1st and 2nd sections of the ordinance, in so far as they attempt to define what an inebriate is, are in no essential features different from the statute; but the 3rd and 5th sections of the ordinance are plainly in contravention of the section of the statute quoted.

Under the statute the seller is made guilty only when he *knowingly* provides or furnishes liquors to an inebriate, while under the provisions of section three of the ordinance the entry of the judgment in the police court in a proceeding to which the seller was not a party, and of which he had no notice, shall be deemed sufficient notice that the person named *is* an inebriate and shall be *prima facie* evidence to that effect. In other words, after a judgment of the police court has been entered adjudging one to be an inebriate, thereafter in a prosecution against a defendant for selling to such person the judgment in that proceeding, to which he was not a party, and of which he had no notice, shall place upon him the burden of showing that the person to whom he sold was not an inebriate. That is to say, that the judgment in an action in which he was not a party raises a presumption against him which the statute of the State, general in its application, does not contemplate.

Not only so, but the two sections (3 and 5) undertake to deprive the seller of the defense that he did not *knowingly* sell to an inebriate, when it was plainly the meaning of the statute quoted that he should be guilty of the offense described therein only when he knowingly violated it.

The ordinance is plainly in contravention of a statute of the State, general in its application, and the ordinance is, therefore, void.

Judgment affirmed.